PROB 12B
(Rev. D/NM-5/03)

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW MEXICO

09 APR 28 PM 3: 07

## Request for Modifying the Conditions or Term of Supervision
## With the Consent of the Offender

| | |
|---|---|
| Name of Offender: | Jose Luis Gamboa |
| Docket Number: | 1:09CR00143-001WJ |
| Assigned Judge: | Honorable William P. Johnson, United States District Judge |
| Date of Original Sentence: | August 14, 2008 |
| Original Offense: | Importing a Quantity of Marijuana, 21 U.S.C. 952 and 960 |
| Original Sentence: | Five months custody of the Bureau of Prisons followed by a three year term of supervised release |
| Date Supervision Commenced: | August 29, 2008 |
| Date Supervision Expires: | August 28, 2011 |
| Other Court Action: | Transfer of Jurisdiction, Western District of Texas at El Paso, case # EP-08-CR-663KC(1) - January 22, 2009 |
| | Notice of Non-Compliance - February 12, 2009 |

## PETITIONING THE COURT

U.S. Probation Officer Jason Towne is petitioning the Court:

To modify the conditions of supervision as follows:
Special Condition - "The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs or weapons at the direction of the probation officer. He must inform any residents that the premises may be subject to a search."

## JUSTIFICATION

On August 29, 2008, Mr. Gamboa was released from custody to begin his three year term of supervised release. Conditions of release included five months of home confinement and substance abuse counseling. He was referred to The Evolution Group in Albuquerque, New Mexico for random drug testing and substance abuse counseling. On September 16, 2008, Mr. Gamboa began his home confinement term which expired on February 15, 2009. He currently resides with his parents in Albuquerque.

On February 4, 2009, the undersigned officer received a phone message from staff at Bernalillo County Metropolitan Court advising that Mr. Gamboa submitted a random drug test positive with the presence of marijuana. He is pending a Bernalillo County Metropolitan Court case, CR1269107, for a possession of marijuana charge prior to his arrest for the instant offense. A court hearing in that case is set for April 28, 2009. Offender reported to the probation office and submitted a drug test. He advised that he smoked marijuana. He did not report any additional

drug use. On February 10, 2009, the specimen returned positive with the presence of cocaine and marijuana. On February 11, 2009, he reported to the probation office and he was confronted with the drug test results. He admitted to using cocaine with his cousin who came over to his house on Saturday the 31st of January. U.S. Probation admonished Mr. Gamboa for his drug use. He was placed on lock down status on electronic monitoring and prohibited from leaving his house for any activities, besides random drug tests or counseling, until the time his home confinement expired on February 15, 2009. Further, U.S. Probation increased his random drug tests from four to six per month. In addition, he was directed to undergo a substance abuse assessment to determine if Mr. Gamboa is a candidate for intensive outpatient services at The Evolution Group.

On February 12, 2009, U.S. Probation submitted a Notice of Non-Compliance to the Court based on the defendant's failing to participate in drug testing on 10/10/2008, 11/9/2008, and 1/17/2009 as well as a positive drug test for cocaine and marijuana on 2/5/2009. The notice was returned by the Court concurring with the probation office's recommendation for no further action.

On February 26, 2009, U.S. Probation referred Mr. Gamboa to the Intensive Outpatient Counseling Program (IOP) at The Evolution Group. On March 10, 2009, Mr. Gamboa submitted a urine specimen which returned positive with the presence of cocaine. On March 17, 2009, he reported to the probation office and he was confronted about the positive cocaine test with the undersigned officer and Supervising USPO Bauman. Mr. Gamboa denied using cocaine and stated that he has not used cocaine since before the February 5, 2009, drug test. He stated that he has not been involved in any risky behavior nor has he associated with the wrong crowd. He advised that he has only been staying home with family as well as looking for work and going to counseling. Based on his denial, the drug tested was forwarded to the national laboratory for further confirmation testing.

On March 23, 2009, Kroll Laboratories confirmed the positive drug test for cocaine, dated March 10, 2009. On April 6, 2009, Mr. Gamboa reported to the probation office and he was confronted with the positive drug test results from Kroll Laboratories. He changed his previous story, and stated that he was in contact with cocaine through a close acquaintance whom he saw at a Walmart when he was shopping with his wife, Samantha. He stated that this individual requested that he sell drugs for him, which he declined. He stated he did grab a bag of cocaine which got on his hands. The defendant stated he sniffed the bag and believes that cocaine could have gotten into his system. He stated that he was with his wife, Samantha, and she was very upset with him. Offender was admonished for lying to the probation office and he signed off on the positive drug test form. He stated that he is trying to do his best and he does not want to go back to jail. Mr. Gamboa indicated that he just makes bad decisions when he gets around negative peers. U.S. Probation advised the defendant that he needs to stay clean and continue with IOP. His random drug tests and breathalyzer tests were increased to 10-per month and he was placed in bi-weekly individual counseling.

Mr. Gamboa further advised that he is working for Frank Sanchez Construction part time assisting his father and Frank Sanchez in building furniture. He stated he may have another job full time and he will notify the undersigned officer regarding his job status. He stated he has applied at several locations and will continue to utilize the U.S. Probation Office's Offender Work Program for further employment opportunities.

Based on the defendant's continued drug use and knowledge of controlled substances as well as having associates who are involved in drug distribution it is recommended that the search condition be added as a special condition.

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable changes may be made in my conditions of supervision or my period of supervision being extended. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing. I also agree to the above modifications of my conditions of supervision or to the proposed extension of my term of supervision.

Witness: *[signature]*
Jason Towne
Title: US Probation Officer
Date: 4/23/09

Signed: *[signature]*
Probationer or Supervised Releasee
Date: 4-23-09

Alonzo Padilla - FPD
Attorney ☒ Phone Approval

Date: 4/23/09

I declare under penalty of perjury that the foregoing is true and correct.
Executed on .

*[signature]*
Jason Towne
U.S. Probation Officer

Approved by: *[signature]*
Gina Bauman
Supervising U.S. Probation Officer

**THE COURT ORDERS:**

☒ The conditions of supervision be modified as noted above and made a part of the record.
☐ The term of supervision is extended as noted above and made a part of the record.
☐ That a hearing be scheduled and that the defendant appear before the Court for a hearing to consider modification.
☐ Other:

Considered this 4/24 day of _____, 2009 and made a part of the record in the above case.

*[signature]*
Signature of Judicial Officer